# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10571

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2020

Lyle W. Cayce
Clerk

KENNIS EARL GATSON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-974

Before DENNIS, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Kennis Earl Gatson, Texas prisoner # 1702500, was convicted of aggravated sexual assault with a deadly weapon, and he is serving a 75-year sentence. He now seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition challenging this conviction. Gatson maintains that he has established his actual innocence, which would permit the district court to consider his procedurally defaulted claim that trial counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered ineffective assistance by failing to pursue DNA testing prior to trial. In addition, he contends that counsel rendered ineffective assistance by failing to investigate and call witnesses and that the attorney failed to put the State's case to meaningful adversarial testing. Gatson also challenges the district court's failure to hold an evidentiary hearing.

To obtain a COA, Gatson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To satisfy that burden, he must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack*, 529 U.S. at 484, or that the issues he presents "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). With respect to claims dismissed on procedural grounds, Gatson is required to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Gatson has not made the requisite showing. Accordingly, his motion for a COA is DENIED. We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.